FARMERS CO-OPERATIVE EQUITY UNION SHIPPING ASSOCIATION and another, Respondents, vs. PUBLIC SERVICE COMMISSION, Appellant.

*February 17—March 14, 1944.*

144

For the appellant there was a brief by the *Attorney General* and *H. T. Ferguson,* assistant attorney general, and oral argument by *Mr. Ferguson.*

*Joseph Lieberman* of Milwaukee, for the respondents.

MARTIN, J.   The appellant makes the following statement in its brief:

"If, as appears to be the law under the decision in the *United Parcel Case, supra* [*United Parcel Service v. Public Service Comm.* 240 Wis. 603, 4 N. W. (2d) 138] the only evidence which the commission should consider in arriving

at its decision was the effect of said plaintiff's proposed operations upon congestion of the highways and the service of 'common motor carriers' and of steam and electric railways, it is frankly conceded that the evidence before the trial court showed no such effects, and the finding of that court, as to the unreasonableness of the order, is supported by the clear preponderance of the evidence. In fact, there is no evidence to show that such proposed operations would unduly congest the highways. Neither does the evidence indicate that there is any 'common motor carrier' or steam or electric railway which would be affected by such operations."

The appellant contends that the doctrine as announced in *United Parcel Service v. Public Service Comm., supra,* is erroneous. Appellant urges that the decision in that case be reconsidered and overruled. We have given the case further consideration and adhere to the decision therein. It rules the instant case in favor of respondents, particularly in view of the frank concession made in appellant's brief, above quoted.

Upon the findings, all of which are amply sustained by the evidence, under the rule in *United Parcel Service v. Public Service Comm., supra,* p. 613, that "if there is a reasonable need apparent for the use of the service and if the common carrier is not unduly interfered with nor the public highways unduly burdened, a case of convenience and necessity exists," the application of the plaintiff Bush to amend his contract motor-carrier license should have been granted.

*By the Court.*—Judgment affirmed.